UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:11-cr-00177-RLH-CWH |
| Plaintiff, | **O R D E R** |
| vs. | (Def.'s Motion to Reverse "Void" Judgment/Conviction to correct "Manifest Injustice" and Plain Error Pursuant to Fed. R. Crim. P. 52(b)) |
| RANDY BERNARD CONNOR, | |
| Defendant. | |

Before the Court is Defendant Randy Bernard Connor's ("Connor") **Defendant's Pro-Se Motion to Reverse "Void" Federal Judgment/Conviction to Correct a "Manifest Injustice" and Plain Error, Pursuant to Fed. R. Crim. P., Rule 52(b)** (#47, filed on June 13, 2016). The Court has also considered the United States' Opposition (#49, filed on August 4, 2016) and Defendant's Reply (#50, filed on August 15, 2016).

## BACKGROUND

Connor was indicted on May 4, 2011 for transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Counts 1 and 2), receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b) (Count 3), and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 4). (#1).).

On August 1, 2012, Connor pleaded guilty to Count 3 of the Indictment pursuant to a Plea Agreement with the United States. In the plea agreement Connor specifically acknowledged that he: (1) read the Plea Agreement; (2) understood the terms and conditions and the factual basis set forth therein; (3) discussed the matters with his attorney; and (4) that the matters set forth therein were true and correct. (#33 at sect. V. ¶ 1). The factual basis for Connor's plea of guilty was derived from the Plea Agreement. (#33 at sect. IV ¶¶ 1-8). Connor admitted that law enforcement officers seized from his bedroom computers and computer-related items containing images and videos of child pornography; that he had viewed child pornography and traded images and videos with others; and that the child pornography was received, shipped or transported using the Internet.

The Court sentenced Connor on January 2, 2013. (#44). Judgment was entered on January 4, 2013. (#46). Connor did not appeal his conviction or sentence.

## DISCUSSION

Connor now appears *pro se* and moves this Court to reverse his conviction. In an attempt to obtain post-conviction relief outside the context of a 28 U.S.C. § 2255 proceeding, Connor brings his Motion pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure. As grounds for reversing his conviction Connor claims: (1) his conviction was predicated by an act of "fraud" or "manifest injustice" sufficient to invoke the writ of *error coram nobis*; and (2) that he "was effectively convicted without being made aware of the consequences of pleading without being fully make (sic) knowledgeable of the elements of the offense, subject-matter jurisdiction, and even if his alleged offense had an affect on interstate commerce[,]" all resulting in a "plain error" under Rule 52(b). (#47 at 7). Connor also claims that he was not "protected" by his attorney when he entered the guilty plea pursuant to the Plea Agreement, but argues that the United States' counsel was equally responsible for the alleged errors.

While Connor's Motion contains a collage of issues (some of which would typically be raised on direct appeal) the Court understands his Motion, in totality, to be a collateral attack on his conviction. *See, e.g., Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994) (noting that the writ of *error coram nobis* is a collateral attack on a criminal conviction). For the reasons explained below, the Court agrees with

2

the United States that the exclusive procedural remedy by which Connor may test the legality of his detention is a 28 U.S.C. § 2255 proceeding for non-waivable claims of ineffective assistance of counsel.

## I.     Waiver

The United States argues that all claims raised in Connor's Motion, with the exception of ineffective assistance of counsel, should be dismissed because Connor knowingly and expressly waived all collateral challenges to his conviction by pleading guilty pursuant to the Plea Agreement. As to "Waiver of Appeal" the Plea Agreement states:

> In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court unless the mandatory minimum sentence falls above the applicable Sentencing Guideline range, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. *Defendant also waives all collateral challenges, including claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.* [...]

(#33 at sect. I.I) (emphasis added).

The right to collaterally attack a conviction is statutory and may be waived. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A defendant's waiver of a right to collateral attack is generally enforceable if "(1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (internal quotation marks omitted). As to the first requirement, courts will enforce the plain language of a plea agreement if it is clear and unambiguous on its face. *See id*. Here, the waiver in Connor's Plea Agreement clearly encompasses this Motion and is clear and unambiguous.

As to the second requirement, it appears that Connor now attempts to claim that his guilty plea was not knowingly and voluntarily made. However, at Connor's change of plea hearing the Court recalls that it conducted an extensive plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The Court determined that Connor understood the nature and consequences of the proceeding, that his plea

AO 72
(Rev. 8/82)

was knowing and voluntary, and that the plea was supported by an independent basis in fact which contained the essential elements of the charge.

Therefore, the Court finds that Connor, pursuant to the Plea Agreement, waived all collateral challenges to his conviction and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255. Accordingly, Connor is only entitled to challenge his conviction pursuant to § 2255 for non-waivable claims of ineffective assistance of counsel.

## II.     Applicability of Rule 52(b)

Even assuming *arguendo* that Connor's waiver was not valid, neither Rule 52(b) nor the writ of *error coram nobis* provide Connor the relief he is seeking. Rule 52(b) of the Federal Rules of Criminal Procedure states that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b)'s plain error standard is "intended for use on **direct appeal**," and its application "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." *United States v. Frady*, 456 U.S. 152, 164 (1982) (emphasis added). The Rule provides a standard of review and does not purport to be a procedural basis for vacating a conviction. Connor does not cite, and this Court is not aware of any federal statute, federal rule of procedure, or precedent that would authorize the Court to grant post-conviction relief to Connor based on the plain error standard in Rule 52(b). Here, Connor chose not to appeal his conviction or sentence. Thus, Rule 52(b) has no application to this collateral challenge.

Connor's reliance on the writ of *error coram nobis* is likewise misplaced. To warrant *coram nobis* relief, a defendant "must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of fundamental character." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (citation omitted). "A person in custody may seek relief pursuant to 28 U.S.C. § 2255. Because the more usual remedy of a habeas petition is available,

4

the writ of *error coram nobis* is not." *Id*. at 761. Here, Connor is in custody. As such, the writ of *error coram nobis* is not available.

Connor's motion also fails on the merits. Connor asserts that the Court lacked subject matter jurisdiction over his criminal case because the state of Nevada has promulgated laws that regulate the conduct for which he was convicted. However, the Commerce Clause allows Congress to "regulate commerce ... among the several States[.]" U.S. Const. art. I, § 8, cl. 3. The Supreme Court has interpreted this to mean that Congress may regulate: 1) "the channels of interstate commerce[,]" 2) "the instrumentalities of interstate commerce, and persons or things in interstate commerce[,]" and 3) "activities that substantially affect interstate commerce." *Gonzalez v. Raich*, 545 U.S. 1, 16-17 (2005). Connor erroneously states that the internet does not provide a nexus for interstate commerce. The Ninth Circuit has specifically held that the internet is both a channel and an instrumentality of interstate commerce. *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) (quotation omitted). Accordingly, the Court had subject matter jurisdiction over Connor's case.

Connor's assertion that the United States failed to explain or prove the elements of the offense at the change of plea hearing is also without merit. Rule 11(b)(3) of the Federal Rules of Criminal Procedure provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." This determination does not require the court to determine whether a jury would find the defendant guilty, but rather to "ensure that the defendant is not mistaken about whether the conduct he admits to satisfies the elements of the offense charged." *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) (citation omitted). Connor claims that: "The government contends that the *computer* alone invokes interstate commerce. This lead (sic) the defendant to plea guilty due to the government's contention that this 'instrument' invokes interstate commerce." (#47 at 10) (emphasis added). This, however, is belied by the record. In the Plea Agreement, as well as at the change of plea hearing, Connor expressly admitted that the child pornography was received using the "*Internet*, which is a facility of interstate or foreign commerce." (#33 at sect. IV ¶ 8) (emphasis added); *see United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) ("Solemn declarations in open court carry a strong

5

presumption of verity."). Moreover, as explained *supra*, the Court determined that Connor entered the guilty plea knowingly and voluntarily and that it was supported by an independent basis in fact which contained the essential elements of the charge.

Accordingly, for the reasons explained above, the Court finds that Connor is not entitled to relief under Rule 52(b) or the writ of *error coram nobis*.

### III.  Recharacterization of Motion

A court may not recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so. As the Ninth Circuit explained in *United States v. Seesing*:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive U.S.C. § 2255 motion within the one-year statutory period.

234 F.3d 456, 464 (9th Cir. 2000).

Here, Connor's Motion could be characterized as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. The Court will provide Connor an opportunity to clarify whether he seeks relief pursuant to § 2255 and provide him notice of the potential adverse consequences of treating the request as a § 2255 motion. Specifically, a § 2255 motion is subject to a one-year statute of limitation from the date the judgment becomes final. 28 U.S.C. § 2255(f)(1). A judgment becomes final when the time for seeking review of a court's decision expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). As explained in the United States' Opposition, Connor's judgment of conviction became final more than three years ago. Thus, any § 2255 motion will fall outside of the one-year limitation period. Nonetheless, the one-year limitation period may be equitably tolled if Connor can establish that he (1) "diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citation omitted).

Within thirty-days from the date this Order is filed, Connor must file a pleading with this Court stating whether he consents to having this Motion recharacterized as a § 2255 motion or whether he wishes to withdraw the Motion. If he chooses to have the Motion recharacterized, Connor must (1) set forth all of the grounds upon which he relies in seeking relief pursuant to § 2255 for non-waivable claims of ineffective assistance of counsel and (2) set forth the facts upon which he relies in asserting that he is entitled to equitable tolling of the one-year limitation period. Failure to assert all of the grounds for relief may preclude Connor from asserting other grounds in a second or successive § 2255 motion.

### IV. Evidentiary Hearing and Appointment of Counsel

As an alternative to having his judgment reversed Connor "requests that an evidentiary hearing be convened to ascertain all facts contained herein, and if necessary, appoint representation as mandated by the Criminal Justice Act, 18 U.S.C. § 3006A." (#47 at 20). Title 18 U.S.C. § 3006A(a)(2)(B) provides that, "Whenever the United States Magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financial eligible person who is seeking relieved under ... 2255." The Court does not find that the interests of justice require the Court to provide representation. Connor has already filed the instant Motion. He has shown that he is capable of addressing his motions, providing arguments, and authorities for his positions. Connor therefore fails to demonstrate that he cannot proceed adequately in *pro se*.

The only act appointed counsel might perform would be representation at a hearing on a § 2255 motion. However, the request is premature because Connor has not yet consented to construing this Motion as a § 2255 motion. Should it become required, the Court will reconsider Connor's request.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Randy Bernard Connor's **Defendant's Pro-Se Motion to Reverse "Void" Federal Judgment/Conviction to Correct a "Manifest Injustice" and Plain Error, Pursuant to Fed. R. Crim. P., Rule 52(b)** (#47) is DENIED without prejudice.

///

AO 72
(Rev. 8/82)

IT IS FURTHER ORDERED that within thirty days of the filing of this Order Connor must file a pleading with this Court stating whether he consents to having this Motion construed as a § 2255 motion or if he wishes to withdraw the Motion. If Connor fails to respond to the Court within thirty days, the Motion will be dismissed with prejudice.

IT IS FURTHER ORDERED that Connor's request for an evidentiary hearing and "if necessary" appointed counsel is DENIED without prejudice for reconsideration if a hearing is deemed necessary.

Dated: September 6, 2016.

_____
**ROGER L. HUNT**
**United States District Judge**