# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>RANDY BERNARD CONNOR | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 2:11-cr-177-GMN-DJA<br>USM Number: 45893-048 |

**Date of Original Judgment:** 1/4/2013
*(Or Date of Last Amended Judgment)*

Leslie Park, Retained
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  Count 3 of the Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 2252A(a)(2) & (b) | Receipt of Child Pornography | 10/21/2009 | 3 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) _all remaining_   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/2/2013
Date of Imposition of Judgment

*/s/ Gloria M. Navarro*
Signature of Judge

Gloria M. Navarro, Judge         U.S. District Court
Name and Title of Judge

July 10, 2020
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 2:11-cr-00177-GMN-DJA   Document 62   Filed 07/13/20   Page 2 of 13
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 7

DEFENDANT: RANDY BERNARD CONNOR
CASE NUMBER: 2:11-cr-177-GMN-DJA

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
135 Months

☑ The court makes the following recommendations to the Bureau of Prisons:
 The Court recommends the Defendant be permitted to serve his term of incarceration at FCI Stafford, Arizona.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case 2:11-cr-00177-GMN-DJA   Document 62   Filed 07/13/20   Page 3 of 13

Judgment—Page 3 of 7

DEFENDANT: RANDY BERNARD CONNOR
CASE NUMBER: 2:11-cr-177-GMN-DJA

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

LIFE

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: RANDY BERNARD CONNOR
CASE NUMBER: 2:11-cr-177-GMN-DJA

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: RANDY BERNARD CONNOR
CASE NUMBER: 2:11-cr-177-GMN-DJA

## SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not possess, have under his control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by Federal, state or local law.

2) The defendant shall submit to the search of his person, property, residence, or automobile under his control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the Probation Officer without a search warrant to ensure compliance with all conditions of release.

3) The defendant shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon his ability to pay.

4) The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.

5) The defendant shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. The defendant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon his ability to pay.

6) The defendant shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, as approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the Probation Officer based upon his ability to pay.

7) The defendant shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the Probation Officer.

8) The defendant shall neither possess nor have under his control any matter that is pornographic, as defined in 18 USC § 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

9) The defendant shall not own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 USC § 2256(2).

10) The defendant shall not possess or use a computer with access to any online computer service at any location, including employment, without the prior written approval of the Probation Officer. This includes any internet service provider, bulletin board, or any public or private computer network.

11) The defendant shall provide the Probation Officer with accurate information regarding his entire computer system, including all related digital devices with memory and all passwords and internet service providers; the defendant shall allow the installation of any software/hardware on his computer by the Probation Officer, and shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

DEFENDANT: RANDY BERNARD CONNOR
CASE NUMBER: 2:11-cr-177-GMN-DJA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ WAIVED | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

　　☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

　　☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RANDY BERNARD CONNOR
CASE NUMBER: 2:11-cr-177-GMN-DJA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See attached Preliminary and Final Orders of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

FILED

AUG -1 2012

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | 2:11-CR-177-RLH-(CWH) |
| RANDY BERNARD CONNOR, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

This Court finds that on July 31, 2012, defendant RANDY BERNARD CONNOR pled guilty to Count Three of a Four-Count Criminal Indictment charging him with Receipt of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(2). Criminal Indictment, ECF No. 1.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Forfeiture Allegation of the Criminal Indictment and the Bill of Particulars, and agreed to in the Plea Memorandum, and the offense to which defendant RANDY BERNARD CONNOR pled guilty. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 13.

The following assets are subject to forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3);

    a)    any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed,

shipped, or received; computer images, including movie and still image files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained;

b) Emachine desktop computer, serial number ccc7310015869;

c) Compaq deskpro computer tower, serial number 6839BXH2L127;

d) Generic computer tower, serial number 105825061;

e) Gateway laptop computer, serial number 843000990226;

f) Phillips portable electronic storage device, serial number NW1A0844063983; and

g) Palm centro smartphone, serial number P2P203EBV7KE ("property").

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of RANDY BERNARD CONNOR in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

1     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any,

2 shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the

3 following address at the time of filing:

        Michael A. Humphreys
        Assistant United States Attorney
        Daniel D. Hollingsworth
        Assistant United States Attorney
        Lloyd D. George United States Courthouse
        333 Las Vegas Boulevard South, Suite 5000
        Las Vegas, Nevada 89101.

8     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein

9 need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency

10 following publication of notice of seizure and intent to administratively forfeit the above-described

11 property.

12     DATED this ___1___ day of ___August___, 2012.

                                        UNITED STATES DISTRICT JUDGE

FILED
JAN 2 2013
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:11-CR-177-RLH-(CWH) |
| RANDY BERNARD CONNOR, | ) |
| Defendant. | ) |

## FINAL ORDER OF FORFEITURE

On August 1, 2012, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3) based upon the plea of guilty by defendant RANDY BERNARD CONNOR to criminal offense, forfeiting specific property alleged in the Criminal Indictment and the Bill of Particulars, and agreed to in the Plea Memorandum, and shown by the United States to have a requisite nexus to the offense to which defendant RANDY BERNARD CONNOR pled guilty. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 13; Preliminary Order of Forfeiture, ECF No. 32; Plea Memorandum, ECF No. 33.

This Court finds the United States of America published the notice of the forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from August 8, 2012, through September 6, 2012, notifying all third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 34.

. . .

1  This Court finds no petition was filed herein by or on behalf of any person or entity and the
2  time for filing such petitions and claims has expired.

3  This Court finds no petitions are pending with regard to the assets named herein and the time
4  for presenting such petitions has expired.

5  THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right,
6  title, and interest in the property hereinafter described is condemned, forfeited, and vested in the
7  United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P.
8  32.2(c)(2); Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3); and Title 21, United
9  States Code, Section 853(n)(7) and shall be disposed of according to law:

   a) any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received; computer images, including movie and still image files, depicting a minor engaging in sexually explicit conduct and the diskettes and hard drives on which they are maintained;

   b) Emachine desktop computer, serial number ccc7310015869;

   c) Compaq deskpro computer tower, serial number 6839BXH2L127;

   d) Generic computer tower, serial number 105825061;

   e) Gateway laptop computer, serial number 843000990226;

   f) Phillips portable electronic storage device, serial number NW1A0844063983; and

   g) Palm centro smartphone, serial number P2P203EBV7KE ("property").

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

. . .

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this 3 day of January, ~~2012~~. 2013.

_____
UNITED STATES DISTRICT JUDGE

3